**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LASHAUN JASPHER-CASEY * | |
| * | |
| Plaintiff * | |
| * | |
| v. * | **Civil No. 09-1358(SEC)** |
| * | |
| ANTHONY HAYNES, et al. * | |
| * | |
| Defendants * | |
| ********************************* | |

**OPINION & ORDER**

On April 17, 2009, Plaintiff, a pro-se prisoner, filed the instant Complaint. See Docket # 1. Concurrently, Plaintiff petitioned to proceed *in forma pauperis*, but he did not file a separate motion requesting said status, nor did he include a certified institutional account statement. See id.. On the same day, the Clerk of the Court informed Plaintiff regarding the defective filing of the prior motion to proceed *in forma pauperis*. See Docket # 2. The Clerk notified Plaintiff that he had failed to comply with 28 U.S.C. 1915, and Local Rules 3.1(a), 3.1 b(2), and 3.1 c(4), which outline the steps an indigent plaintiff must take in order to proceed *in forma pauperis*.

The Clerk of the Court granted Plaintiff until May 11, 2009, to comply with the abovementioned *in forma pauperis* requirements. However, over a month after this deadline past, Plaintiff had still failed to take any action to amend the deficiencies in his filings. Accordingly, on June 22, 2009, this Court ordered Plaintiff to correct his filings by July 13, 2009, or otherwise show cause as to why the above captioned complaint should not be dismissed. See Docket # 3. The show cause due date has now run, yet Plaintiff has failed to respond to the order, or seek an extension of time. Accordingly, for the reasons set forth below, the current civil action will be **DISMISSED WITHOUT PREJUDICE**.

The dismissal of a case is within the power of a district court. Of Course, dismissal is typically a measure of last resort, "reserved for extreme cases . . ." Torres-Vargas v.

Pereira, 431 F.3d 389, 393 (1st Cir. 2005). However, First Circuit precedent is clear that when "the Court appropriately forewarns a plaintiff of the consequences of future non-compliance with an unambiguous order, the Court need not exhaust less toxic sanctions before dismissing a case with prejudice." Torres-Vargas, 431 F. 3d at 392. When making this consideration, "[t]he power of the court to prevent undue delays must be weighed against the policy favoring the disposition of cases on their merits . . . [u]ltimately, however, plaintiff is responsible for developing and prosecuting its own case." Jardines Ltd. Pshp. v. Executive Homesearch Realty Servs., 178 F.R.D. 365, 367 (D.P.R. 1998); Hernandez-Festa v. Fernandez-Cornier, Civ. No. 05-1940, 2007 U.S. Dist. LEXIS 59254 (D.P.R. Aug. 13, 2007).

In the present action, this Court has attempted to forewarn Plaintiff regarding the deficiencies in his filings. Over the course of nearly three months, he has failed to comply with Local Rules 3.1(a), 3.1 b(2), and 3.1 c(4), or take any responsive action, despite this Court's notification and order. Accordingly, considering Plaintiff's lack of compliance with the Local Rules, and his inaction regarding the show cause order, all claims against Defendants are **DISMISSED WITHOUT PREJUDICE**. Judgment will be entered accordingly.

      **SO ORDERED.**
In San Juan, Puerto Rico, this 15th day of July, 2009.

                    S/ *Salvador E. Casellas*
                    SALVADOR E. CASELLAS
                    U.S. Senior District Judge