IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LASHAUN JASPHER-CASEY

Plaintiff

v.

ANTHONY HAYNES, Warden, et al.

Defendants

Civil No. 09-1358 (SEC)

**OPINION AND ORDER**

Before the Court are two motions to dismiss filed by the above-captioned Defendants (Dockets ## 22 and 28), Plaintiff's oppositions thereto (Dockets ## 29, 34), and Defendants' reply. Docket # 38. After reviewing the filings and applicable law, Defendants' first motion to dismiss is **DENIED** and the second **GRANTED**.

**Procedural and Factual Background**

Plaintiff, a prisoner at the Metropolitan Detention Center in Guaynabo, Puerto Rico ("MDC"), filed this suit *pro se* against the MDC, its Warden, and the Bureau of Prisoners ("BPO") for alleged violations of his federal constitutional due process rights. Docket # 1.[1] Defendants first moved to dismiss the complaint for (i) lack of personal jurisdiction; (ii) insufficient process; and (iii) failure to prosecute. Docket # 22. A few days later, Defendants also moved to dismiss for failure to state a claim upon which relief can be granted. Docket # 28. The relevant factual and procedural details follow.

---

[1] On August 18, 2009, the Federal Public Defender for the Puerto Rico District assumed Plaintiff's legal representation. Docket # 8. On June 25, 2010, the Court authorized the Public Defender to amend the complaint, even though that many months had passed after the deadline to do so. Docket ## 16 and 19. On August 16, 2010, the Public Defender informed the Court that the complaint was not going to be amended. Docket # 20.

**CIVIL NO. 09-1358(SEC)**                                                                      **page 2 of 6**

The genesis of Plaintiff's complaint lies in a physical altercation with a correctional officer at the MDC. Docket # 1-2. There, the morning of April 11, 2007, after being surprised hiding a cell phone, Plaintiff allegedly assaulted an officer to preclude the phone's forfeiture. Id. The same day, Plaintiff received copy of an incident report, and two months later, he appeared before a Discipline Hearing Officer to defend against the report's allegations. Id.[2] The hearing report recounted the incident as follows:

> [The officer] was conducting rounds and entered your cell. He observed you were still sleeping and gave you an order to get up, get dress [sic] and make your bed. According to the reporting officer, when you got up, he observed a silver object which he recognized as a cellular phone next to your left leg. You tried to cover [it] with your lower left arm. The reporting officer ordered you to give him the object and you refused by telling him to give you a break, that the phone was not yours. At that time, the reporting officer activated his body alarm. You ran toward him and assaulted him in the face with your right fist. The reporting officer had to use immediate force in an attempt to control you. You continued your assault, the cellular phone fell on the floor and out of the cell. You stopped your assault on the reporting officer, picked up the phone and ran toward cell 232.

Docket # 1-2, at p. 8.[3]

At the hearing, Plaintiff admitted possession of the cell phone and denied attacking the officer. Id. Plaintiff, however, was unable to explain the officer's injuries, which, according to a medical assessment, included contusions on his left arm and hematomas on the face and neck. Id. As a result, some of Plaintiff's prisoner privileges were temporarily postponed. Id. Plaintiff

---

[2] Before the hearing, Plaintiff waived his right to assistance by a staff representative. Id.

[3] Plaintiff's lackluster explanation for running to another cell was that he wanted to get his sneakers. Id.

**CIVIL NO. 09-1358(SEC)**                                                                                    **page 3 of 6**

then launched a series of unsuccessful appeals to the BOP, and on April 17, 2009, he filed this suit. Id.[4]

Defendants eventually moved to dismiss the case, arguing, first, that Plaintiff's service of summons was defective and thus that the Court lacks *in personam* jurisdiction. Docket # 22. A second motion to dismiss was filed six days later; this one, arguing that Plaintiff's claims are time-barred. Docket # 28.

Plaintiff opposed both motions. Regarding the first one, Plaintiff argues that (i) the purported defects had been cured; (ii) Defendant had suffered no prejudice; and (iii) Plaintiff "would be severely prejudiced by a dismissal of the complaint due to the nature of the procedural complexities involved." Docket # 29, p. 2. With leave of Court, Plaintiff filed a certificate of service showing that, in fact, prior deficiencies have been cured. Docket # 32. Therefore, because the Court is satisfied that in this case procedural defects were cured without prejudice to Defendants, their first motion to dismiss is **DENIED** without further discussion. As to Defendants' second motion, Plaintiff states that Defendants' statute of limitation argument

---

[4] Plaintiff's appeals were never adjudicated on the merits, as it seems that all failed to comply with procedural requirements. Id. In fact, a cursory review of the exhibits Plaintiff attached to his complaint raise serious questions about whether he exhausted administrative remedies, which was a prerequisite for the filing of this suit. See Woodford v. Ngo, 548 U.S. 81, 88 (2006) (holding, at the summary judgment juncture, that federal prisoners must successfully complete the administrative review process in accordance with the applicable procedural rules before filing suit in federal courts). Defendants, however, failed to raise this issue, and the Court may not do so *sua sponte* here. See Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002) (holding that exhaustion of administrative remedies is not a jurisdictional requirement in federal prisoner cases); Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003) (holding that failure to exhaust is an affirmative defense in federal prisoner cases), cert. denied, 540 U.S. 810; Richarson v. Goord, 347 F.3d 431, 434 (2d Cir. 2003) (same); Ali v. District of Columbia, 278 F.3d 1, 5-6 (D.C.Cir. 2002) (same); Perez v. Wis. Dep't Corr., 182 F.3d 532, 535-36 (7th Cir. 1999) (same); Wright v. Morris, 111 F.3d 414, 521 (6th Cir. 1997) (same).

**CIVIL NO. 09-1358(SEC)**                                                                                   **page 4 of 6**

fails because the administrative claims filed with the BOP tolled the statutory period. Docket # 34.[5]

The Court granted Defendants leave to reply. Docket # 37. This time at bat, Defendants argue that Plaintiff incorrectly premised his claims on Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which exclusively applies to suits brought against federal officers in their individual rather than official capacity. Id.[6] Defendants therefore state that Plaintiff's suit must be dismissed for failure to state a claim upon which relief can be granted because it was brought against federal officers in their official capacity only. Id. Moreover, Defendants also restate that Plaintiff's claims are time-barred, arguing that his administrative claims were not against Defendants, which is a procedural hurdle necessary for tolling to occur. Id.

**Standard of Review**

In a motion to dismiss for failure to state a claim upon which relief can be granted, courts construe the complaint in the light most favorable to the plaintiff, take as true plaintiff's well-pleaded allegations, and draw all reasonable inferences in plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). Nonetheless, "the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'"

---

[5] As a complaint exhibit, Plaintiff annexed a copy of a rejection notice dated February 26, 2008 and included an undated hand written note stating that he had received the document on May 9, 2008. Docket #1-2, at p. 29. Because the Court dismisses the case for other reasons, it need not determine whether Plaintiff's handwritten note validly tolled the statute of limitations from February 2008 to May 2008, which otherwise would be relevant since Plaintiff filed his complaint in April 2009.

[6] In Bivens, the United States Supreme Court established that federal constitutional violations by federal agents may give rise to claims for damages in federal courts against the individual officials, despite the absence of any statute conferring such right. See Carlson v. Green, 446 U.S. 14, 18 (1980).

**CIVIL NO. 09-1358(SEC)**                                                                     **page 5 of 6**

Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). In other words, dismissal is justified when on the face of the complaint it is clear that plaintiff has failed to set forth an actionable claim. Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002).

**Applicable Law and Analysis**

As Defendants correctly point out, "[i]t is well settled that a *Bivens* action will not lie against an agency of the federal government." Ruiz-Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000). Neither is a Bivens action proper against federal employees sued in their official capacity. Id. Sovereign immunity bar these type of suits, F.D.I.C. v. Meyer, 510 U.S. 471, 484-85 (1994), and Courts dismiss them routinely. See e.g., Perez-Olivo v. Gonzalez, 384 F.Supp 2d 536, 543 (D.P.R. 2005) ("inasmuch as a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity, any claims included in the complaints against the defendants in their official capacities must be and are hereby dismissed with prejudice.") (internal quotation omitted).

In this case, Defendants are the MDC, the BOP, and the MDC's Warden; the first two, agencies of the United States, and the third, a federal official. Sovereign immunity therefore bars Plaintiff's claims against them. Furthermore, Plaintiff's complaint is devoid of allegations against the MDC's Warden in his individual capacity, although such allegations were possible under Bivens. The Court, however, notes that the MDC's Warden had nothing to do with the BOP's administrative proceedings which Plaintiff seeks redress for. Accordingly, on its face, Plaintiff's complaint clearly fails to state a claim upon which relief can be granted and must be dismissed with prejudice.[7]

---

[7] The Court leaves undecided Defendants' arguments regarding the statute of limitation but notes that such an affirmative defense, if with merit, also would have prompted the case's dismissal. See e.g., Blackstone Relaty LLC v. F.D.I.C., 244 F.3d 193, 197 (1st Cir. 2001).

**Conclusion**

For the forgoing reasons, Plaintiff's claims against Defendants are **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of November 2010.

                                      s/ *Salvador E. Casellas*
                                      Salvador E. Casellas
                                      U.S. Senior District Judge